In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-05-468 CR


 ______________________


 

HAROLD WAYNE BUNKLEY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 05-01-00322 CR






MEMORANDUM OPINION


 Harold Wayne Bunkley appeals his conviction for the murder of his wife Linda
Bunkley. See Tex. Pen. Code Ann. § 19.02 (Vernon 2003). Appellate counsel filed a brief
that concluded no arguable error is presented in this appeal. (1) We granted Bunkley an
extension of time in which to file a pro se response brief, and he filed a brief presenting three
issues for review. (2) The State filed a letter waiving its right to file a brief. We find no
arguable error requiring appointment of new counsel. We affirm the trial court's judgment.

The Record


 James Nickerson, Harold's son, testified that on the day of the shooting, Harold had
been drinking beer and smoking crack cocaine. James indicated that Harold had expressed
his anger regarding tensions in the household and Harold "was saying it in an angry way. He
was . . . like, 'I'm just sick of this going around the house . . . I'm tired of it[.] . . . I'm just
sick of this and I'm not going to put up with this no more.'" James explained that later that
day, he saw Harold lying on top of Linda on the floor. According to James, Harold pulled
Linda's hair while yelling and cursing, and told her, "[Expletive deleted], I'm tired of you." 
Later that day, James saw Harold pushing Linda's head with his index finger while yelling
and cursing at her. Linda asked Harold to leave her alone.

 The record indicates the shooting occurred sometime after these events. James
explained that he was outside in the front of the house when he heard Harold yelling and
cursing at Linda. He went into the house to use the bathroom, and when he came out of the
bathroom he looked down a hallway. He testified that he saw Harold's back, and Harold's
arm was raised parallel with his chest with Linda standing in front. James indicated that as
Linda tried to move away from Harold by walking backward, James heard a gunshot and saw
Linda fall onto a chair. James tried to assist Linda and then called the police. He testified
that Harold went outside and James heard gunshots.

 Harold testified that he and his wife had a good relationship and he was not angry with
her on the day of the shooting. He explained that on the day of the shooting, he had planned
to take a trip with Linda and James. He indicated that the shooting was accidental. He
testified that the gun discharged while it was in his hand, and he did not know how the gun
"went off." He indicated that he did not murder his wife, but because a bullet from the gun
killed his wife, he was responsible for her death. Harold testified that James was not in the
house when the gun discharged. He called to James and told James he had "accidently shot"
Linda and asked James to call 911. Harold then proceeded to take the gun outside and shot
five cartridges. He testified that he "emptied [the gun] in the ground with anger and just
threw it out there, just slung it as hard as I could." A police officer later retrieved the gun
approximately fourteen feet from the home on the other side of a chain link fence. 



The Pro Se Brief


 In his first issue, appellant argues the evidence is factually insufficient to conclude he
acted with the intent to murder. He argues that the following facts weighed against a finding
of intent: his testimony that he accidently shot Linda when his gun malfunctioned and
discharged; his testimony that he and Linda had a good relationship and he was not angry
with Linda on the day of the shooting; evidence that because he and Linda had scheduled a
trip for that day and had Thanksgiving dinner the previous day, he could not have planned
her murder; and his testimony that James Nickerson, the State's witness, was not at the scene
during the shooting and did not witness the shooting. Appellant also appears to argue that
trial counsel provided ineffective assistance of counsel for failing to subpoena certain
witnesses, failing to obtain the pathologist's report, failing to provide evidence on the
trajectory of the bullet, and failing to impeach the testimony of certain witnesses. 

 In his second issue, appellant asserts the jury charge failed to define "reasonable
doubt." Appellant argues that the "beyond a reasonable doubt" standard should have been
defined in accordance with the definition provided in Geesa v. State, 820 S.W.2d 154, 162
(Tex. Crim. App. 1991), overruled by Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App.
2000). Appellant further asserts that Geesa was incorrectly overruled.

 In issue three, appellant argues the trial court improperly admitted extraneous offense
evidence and failed to provide the jury with a limiting instruction. Harold complains of the
admission of an arrest that occurred in 1996 after he pointed a gun at Linda and threatened
to kill her. Harold was charged with aggravated assault, pled guilty, and was placed on
community supervision. In October 2001, he was arrested after an incident when he attacked
Linda while carrying a gun. The charges were later dropped after a family member filed an
affidavit of non-prosecution. In October 2004, approximately one month before the shooting,
Harold was charged with aggravated assault after he pointed a knife in Linda's face and
threatened her. This charge was still pending when the shooting occurred. 

 The State tendered this evidence to show the previous relationship between Harold
and the victim, as well as Harold's state of mind. The trial court reviewed the evidence
during a hearing and found that the misconduct evidence was relevant apart from its tendency
to prove that Harold acted in conformity with the conduct and its probative value was not
substantially outweighed by unfair prejudice. Appellant did not request a limiting instruction
when the evidence was admitted. 

No Arguable Issue


 The Court of Criminal Appeals directs that we not address the merits of issues raised
in Anders briefs or pro so responses. Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim.
App. 2005). Rather, an appellate court may determine either: (1) "that the appeal is wholly
frivolous and issue an opinion explaining that it has reviewed the record and finds no
reversible error"; or (2) "that arguable grounds for appeal exist and remand the cause to the
trial court so that new counsel may be appointed to brief the issues." Id.

 We have determined this appeal is wholly frivolous. We have independently
examined the clerk's record and the reporter's record, and we find no arguable error. See id.
Appointment of new counsel is not required. Compare Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991). Appellant is free to file a petition for discretionary review
raising error by this Court in the instant appeal. (3) See Bledsoe, 178 S.W.3d at 827. We affirm
the trial court's judgment.

 AFFIRMED.

 
 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on March 13, 2007

Opinion Delivered June 6, 2007

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.


1. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). 
2. Appellant filed a motion to file a supplemental brief. Essentially, he argues the
record is incomplete. We have reviewed the record and see nothing to support this assertion. 
The clerk informed him that the Court would treat the motion as a supplemental brief, but
would not consider it unless he provided a copy to the State. Because it does not appear that
appellant provided a copy of the supplemental brief to the State, the arguments in the
supplemental brief are not properly before this Court. In any event, based on an independent
review of the record, we conclude the supplemental brief does not raise issues requiring
appointment of new counsel. 
3. However, "[w]hile an appellant has a right to file a petition for discretionary review
with [the Court of Criminal Appeals], review is not a matter of right." Bledsoe, 178 S.W.3d
at 827 n.6 (citing Tex. R. App. P. 66.2; Tex. Const. art. V, §5(b)).